Case 4:15-cv-03580   Document 17   Filed in TXSD on 08/16/16   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
August 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ZURICH INSURANCE PLC, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 4:15-CV-03580 |
| § | |
| ETHOS ENERGY (USA) LLC, § | |
| § | |
| Defendant. § | |

**OPINION AND ORDER**

Before the Court is Defendant Ethos Energy's ("Ethos") Motion to Dismiss Plaintiff Zurich Insurance's ("Zurich") claims pursuant to Federal Rule of Civil Procedure 12(b)(1). Doc. 5. After reviewing the parties' submissions and the applicable law, the Court finds that it does not have subject-matter jurisdiction over this action. The Court grants Defendant's motion to dismiss.

**I. Background**

This case arises from an action to enforce an arbitrator's subpoena directing a non-party to the arbitration to produce documents pursuant to 9 U.S.C. § 7, also known as Section 7 of the Federal Arbitration Act ("FAA"). The underlying arbitration involves Zurich and TransCanada Turbines, Ltd. ("TCT"). Doc. 1 at 1. Zurich initiated the proceedings on behalf of its subrogors, seeking compensation for damage sustained to a turbine owned by these subrogors during TCT's repair work. *Id*. at 2–3. Zurich claims that "[a]t the time relevant to the underlying dispute, a company identified as Wood Group de Chile S.A., contracted with Zurich's subrogors to provide operational and management services at the subrogors' facility. *Id*. at 3. Zurich further alleges that Ethos is a successor corporation to Wood Group and also "a corporation intimately related to . . . TCT." *Id*. Zurich claims that pursuant to an Operation and Maintenance Agreement with

Wood Group, Ethos has a contractual obligation to provide Zurich's subrogors with documentation related to warranty claims. *Id*. at 5. Thus, Zurich seeks to compel Ethos to produce discovery documents related to its arbitration action with TCT. *Id*.

After some time of attempting to get Ethos to comply with discovery requests, Zurich obtained a subpoena *duces tecum* from the arbitration panel compelling Ethos to produce the documents. *Id*. Ethos refuses to respond to the subpoena and Zurich brings the present suit asking the Court to order cooperation. *Id*. at 6–7. Ethos moved to dismiss the action on two grounds: (1) subject-matter jurisdiction is lacking because the FAA does not itself confer jurisdiction under a federal question, and the amount-in-controversy does not meet the $75,000 threshold required for diversity jurisdiction; and (2) FAA §7 does not authorize the enforcement of pre-hearing document subpoenas of third parties. The Court finds that it lacks subject-matter jurisdiction over this action, and thus need not resolve the second issue.

## II. Standard of Review

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject-matter jurisdiction is lacking." *Stockman v. FEC*, 138 F.3d 144, 151 (5th Cir. 1998).

A party may raise the issue of jurisdiction by filing a motion to dismiss under Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction bears the burden of responding to a Rule 12(b)(1) motion and "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1)

jurisdictional attack before addressing any attack on the merits." *Id*.

### III. Discussion

A. *Federal-Question Jurisdiction*

Zurich seeks to establish federal-question jurisdiction through FAA § 7, which authorizes the summoning of witnesses and documents in arbitration actions. *See* Doc. 6 at 6. Federal-question jurisdiction arises in "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The [Federal] Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 . . . or otherwise." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 25 n.32 (1983). The Fifth Circuit has similarly stated that "it is undisputed that the FAA is not an independent grant of federal jurisdiction." *Hamstein Cumberland Music Grp. v. Williams*, 532 F. App'x 538, 542 (5th Cir. 2013) (per curiam) (quoting *Smith v. Rush Retail Ctrs., Inc.*, 360 F.3d 504, 505 (5th Cir. 2004)) (internal quotation marks omitted) (referring to FAA § 10).

Zurich argues that the *Moses Cone* footnote is not applicable because it refers to FAA § 4 and is *dictum*. Doc. 6 at 9. The Court does not find this argument compelling, as this footnote has been cited twice by the Supreme Court, as well as the Fifth Circuit. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008); *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (noting the prominent role of state courts due to the FAA's "nonjurisdictional cast"); *Prudential-Bache Secur., Inc. v. Fitch*, 966 F.2d 981, 987 (5th Cir. 1992), *abrogated on other grounds by Vaden*, 556 U.S. at 57. While the Fifth Circuit has not addressed this issue in the context of § 7, other circuits have held that it does not establish independent federal jurisdiction. *See, e.g., Stolt-*

*Nielsen SA v. Celanese AG*, 430 F.3d 567, 572 (2nd Cir. 2005) ("[P]arties invoking Section 7 must establish a basis for subject-matter jurisdiction independent of the FAA."); *Amgen Inc. v. Kidney Ctr. of Del. Cnty., Ltd.*, 95 F.3d 562, 567 (7th Cir. 1996) ("[The FAA] does not create subject-matter jurisdiction for independent proceedings, whether they involve § 4 or § 7."). The Court agrees with the Second and Seventh Circuits, and finds that FAA § 7 does not confer independent federal jurisdiction. Zurich does not allege an independent basis for jurisdiction, and thus does not establish federal-question jurisdiction.

    B. *Diversity Jurisdiction*

Zurich alternatively asserts that the Court has diversity jurisdiction over this action. Doc. 6 at 12. For diversity jurisdiction, the amount-in-controversy must exceed $75,000 and complete diversity must exist between all parties. 28 U.S.C. § 1332(a). Diversity of citizenship is not contested in this case; the determinative question is whether the amount-in-controversy requirement is met.

In certain instances, the amount-in-controversy in an underlying arbitration action can serve as the amount-in-controversy in a subsequent district-court action. In *Webb v. Investacorp, Inc.*, the Fifth Circuit decided whether the amount-in-controversy sought in an underlying arbitration action should apply to a motion to remand. 89 F.3d 252, 256 (5th Cir. 1996). The defendant pursued arbitration of a claim involving $75,000.[1] *Id*. at 255. The plaintiff filed an action in state court seeking a declaratory judgment that the contracts between it and the defendant were not subject to arbitration. *Id*. When the defendant removed the case to federal court, the plaintiff filed a motion to remand, arguing the amount-in-controversy requirement was not satisfied because a declaratory judgment action would not result in any direct pecuniary gain

---

[1] In 1996, the amount-in-controversy threshold was $50,000.

or loss to the defendant. *Id*. The district court denied the motion, and the Fifth Circuit affirmed, stating "the district court properly looked to the amount of [defendant's] claim in the underlying arbitration to determine the amount in controversy in this action for declaratory relief." *Id*. at 257.

Here, Zurich contends that the amount-in-controversy in the underlying arbitration should extend to claims with non-party Ethos. *See* Doc. 6 at 13. But that is precisely what distinguishes this case from *Webb*. Unlike the plaintiff in *Webb*, Ethos is not a party to the underlying arbitration. The controversy before the Court does not form the basis of the arbitration, as Zurich seeks damages from TCT. Zurich asserts no claim against Ethos, and seeks nothing from Ethos other than the production of discovery documents.

Zurich cites *Federal Insurance Co. v. Law Offices of Edward T. Joyce, P.C.* for the proposition that the amount-in-controversy in an underlying arbitration action can extend to enforce discovery subpoenas on a non-party to the arbitration. Doc. 6 at 12. In that case, the district-court action involved a non-party to the underlying arbitration, and the court accepted that the amount-in-controversy requirement was met since the underlying arbitration amount exceeded $75,000. 2008 WL 4348604, at *1 (N.D. Ill. Mar. 13, 2008). Because that case contains no reasoning to justify its decision, however, it is not helpful in deciding this issue. *See id*. Moreover, the Court is not bound to follow it. *See, e.g.*, *Bishop v. City of Galveston*, CIV.A. H-11-4152, 2013 WL 960531, at *12 (S.D. Tex. Mar. 12, 2013) (Harmon, J.) ("[T]his Court first notes it is not bound by another district court decision."), *aff'd sub nom. Bishop v. City of Galveston*, 595 Fed. App'x 372 (5th Cir. 2014); *Fox v. Acadia State Bank*, 937 F.2d 1566, 1570 (11th Cir. 1991) (district court is not bound by another district court's decision, or even an opinion by another judge of the same district, only by its own appellate court and the Supreme

Court); *Colby v. J.C. Penney Co., Inc.*, 811 F.2d 1119, 1123 (7th Cir. 1987) ("[N]either this court nor the district courts of this circuit give the decisions of other courts of appeals automatic deference; we recognize that, within reason, the parties to cases before us are entitled to our independent judgment.").

Finally, Zurich argues that if the underlying arbitration is dismissed, it stands to lose as much as $7 million. *Id*. But the arbitration action represents the resolution of the rights and liabilities of Zurich and TCT. Zurich fails to show how there is any amount-in-controversy between Zurich and Ethos, as Ethos would not be harmed even if TCT were to lose the arbitration action. Thus, Zurich has not satisfied its burden in establishing the subject-matter jurisdiction of this Court.

### IV. Conclusion

For the foregoing reasons, the Court does not have subject-matter jurisdiction over this action. The Court hereby

**ORDERS** that Defendant's Motion to Dismiss is **GRANTED** and the case is hereby **DISMISSED WITH PREJUDICE**.

SIGNED at Houston, Texas, this 16th day of August, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE